**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN CHESTNUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:16-CV-01721-PLC |
| v. ) | |
| ) | |
| OFFICER WALLACE, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT DAWAIN WALLACE'S OBJECTION TO PLAINTIFF KEVIN CHESTNUT'S BILL OF COSTS**

COMES NOW Defendant Dawain Wallace ("Wallace"), and in response to Plaintiff Kevin Chestnut's Bill of Costs, states the following objections:

1. In this lawsuit, Plaintiff Kevin Chestnut ("Plaintiff") asserted civil rights claims pursuant to 42 U.S.C. § 1983 (Count I) against three City of St. Louis Police Officers. Plaintiff alleged that Defendants Wallace, Justin Ludwig and Tiffany Porter violated his Fourth Amendment rights in connection with an investigatory stop of him on February 6, 2015. First Amended Complaint, Doc. 14.

2. Plaintiff also asserted a claim of municipal liability pursuant to § 1983 (Count II) against the City of St. Louis ("City"), alleging that the City has a policy, custom or practice that authorizes St. Louis police officers to stop and frisk, detain, arrest, or otherwise "harass and intimidate people who observe police in the course of their duties." Doc. 14, ¶ 53.

3. On November 7, 2018 this Court granted Defendants Porter and Ludwig summary judgment on the Fourth Amendment unlawful arrest and detention claims directed against them. Doc. 105. This Court also granted the City summary judgment on Plaintiff's

1

municipal liability claim. *Id*. The Court, however, ruled that material issues of fact precluded summary judgment in favor of Wallace on Plaintiff's Fourth Amendment claim against him. *Id*.

4. On March 19, 2020 Defendant Wallace extended, pursuant to Rule 68, an offer of judgment to Plaintiff. Doc. 119-1. Plaintiff accepted Wallace's offer of judgment on March 26, 2020. Doc. 119.

5. Following Plaintiff's acceptance of Wallace's offer of judgment, Plaintiff filed his Bill of Costs on April 1, 2020. Doc. 122. Plaintiff seeks to recover the $400 filing fee and the deposition transcription and court reporter attendance fees he incurred in connection with ten (10) depositions taken in this matter, as well as fees for scanning, emailing or photocopying deposition exhibit copies.

6. Fed. R. Civ. P. Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis North America, Inc*., 834 F.2d 136, 140 (8th Cir. 1987). "An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." *Richmond v. Southwire Co*., 980 F.2d 518, 520 (8th Cir. 1992) (citing *Farmer v. Arabian Amer. Oil Co*., 379 U.S. 227, 234-35 (1964).

7. Here, Plaintiff seeks to tax court reporter attendance and transcription costs against Wallace for deposition testimony related exclusively to his municipal liability claim

2

against the City. In particular, Plaintiff seeks to recover fees incurred in connection with the depositions of Sgt. Don Re, Lt. William Brown, and Lt. Paul Lauer. These deponents were designated by the City to testify on its behalf as corporate representatives, and their testimony pertained to Plaintiff's municipal liability claim, rather than the claim against Wallace as an individual.

8. Because this Court granted summary judgment in favor of the City on Count II, Plaintiff is not a prevailing party with regard to the municipal liability claim, and the costs of these depositions is not taxable. Fed. R. Civ. P. Rule 54(d).

9. The City, in response to a Rule 30(b)(6) notice of deposition, designated Lt. Brown to testify regarding Internal Affairs Division reports for an 8-and-a-half-year period involving persons "that alleged uncivil treatment by law enforcement, or retaliation by law enforcement, because the person observed, photographed, or filmed the police in a public place." See Ex. A, First Revised Notice of Deposition, Topic 8. Lt. Brown provided testimony on this topic on May 1, 2018. Ex. B, Deposition transcript of Lt. Brown, pp. 6-8.

10. The testimony provided by Lt. Brown related exclusively to complaints to the City's Internal Affairs Division by claimants other than Plaintiff and did not relate in any way to Wallace's encounter with the Plaintiff. Thus, Lt. Brown's testimony pertained exclusively to topics relevant only to Plaintiff's municipal liability claim against the City.

11. The City also designated Sgt. Re to testify regarding City Police Department's "policies, procedures, practices and training" for a three-year period on a variety of topics, "including any changes over the years to such policies, procedures, practices, and training." See Ex. A, Topic 11, subparts (a)-(i). On May 3, 2018 Sgt. Re was deposed by

plaintiff's counsel, and he provided testimony on this topic in his capacity as corporate designee for the City. Ex. C, Deposition transcript of Sgt. Re, pp. 6-7.

12. Sgt. Re's testimony pertained to the policies, practices, procedures and training of the City. He was not a fact witnesses to the incident alleged in this lawsuit and has no personal knowledge concerning it. Sgt. Re's testimony was not relevant to Plaintiff's Fourth Amendment claim against Wallace.

13. The City designated Lt. Lauer to testify as a corporate representative on a number of topics, including the "[t]itles, duties, training, experience, and qualifications to hold positions and participate in law enforcement of the three Defendant Officers who were on the scene" of the incident involving Plaintiff. Ex. A, Topic 2. Lt. Lauer also was designated to testify regarding the City's Police Department's organization and reporting structure as it existed on February 6, 2015. Ex. A, Topic 10. On May 1, 2018, Lt. Lauer provided testimony on these topics, and others, in his capacity as a corporate designee. Ex. D, Deposition transcript of Lt. Lauer. Lt. Lauer was not a fact witness to Plaintiff's encounter with Wallace, though he did conduct a subsequent investigation of the incident.

14. During Lt. Lauer's deposition, Plaintiff's counsel repeatedly asked him questions concerning Lt. Lauer's knowledge of the City's "policy" with regard to a number of topics. Ex. D, pp. 29-34, 48-50, 56-58, 66-74, 77-79. For example, Plaintiff inquired, among other things, about the City's "policy" regarding the use of handcuffs on suspects and about the City's "policy" dictating when a citizen may be stopped and questioned. *Id*. Consequently, a substantial portion of Lt. Lauer's testimony pertained to the policies of the City and was not relevant to Plaintiff's Fourth Amendment claim against Wallace as an individual.

15. Because the deposition testimony of Lt. Brown and Sgt. Re, and a substantial portion of the testimony of Lt. Lauer, dealt with topics bearing relevance only to Plaintiff's claim against the City, this Court should find that the costs associated with the depositions of Lt. Brown and Sgt. Re (see doc. 122-6 and doc. 122-7[1]) and a portion of the costs associated with the deposition of Lt. Lauer (see doc. 122-7) are not properly taxable to Wallace. Plaintiff is not entitled to these costs, in any event, because he is not a "prevailing party" with regard to his municipal liability claim (Count II) against the City. Fed. R. Civ. P. Rule 54(d).

WHEREFORE Defendant Dawain Wallace respectfully requests that this Court deny Plaintiff's Motion for Costs to the extent it seeks the abovementioned costs and for any further relief the Court deems just and reasonable.

Respectfully submitted,

**JULIAN BUSH**
**CITY COUNSELOR**

By: /s/ Erin K. McGowan
Erin K. McGowan #64020MO
Associate City Counselor
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-3361
(314) 622-4956 fax
McGowanE@stlouis-mo.gov
*Attorney for Defendant Wallace*

---

[1] Doc. 122-7 states the total combined cost for the depositions of Lt. Paul Lauer, Lt. Adam Koeln, and Lt. William Brown. It does not provide itemized costs for each deposition transcript or the attendance of the reporter at each.

## **CERTIFICATE OF SERVICE**

      I hereby certify this **Objection to Plaintiff's Bill of Costs** was electronically filed on **April 8, 2020** with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

                                                /s/ Erin K. McGowan