**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN CHESTNUT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:16-CV-1721 PLC** |
| | ) | |
| **DAWAIN WALLACE, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Kevin Chestnut's motion for bill of costs [ECF No. 122], motion for attorney fees [ECF No. 125], and supplemental motion for attorney fees [ECF No. 133].  Defendant Dawain Wallace opposes Plaintiff's motions for bill of costs and attorney fees.[1]  [ECF Nos. 123 & 131]

I.     **Background**

Plaintiff filed a two-count complaint under 42 U.S.C. § 1983 against the City of St. Louis ("the City") and St. Louis Metropolitan Police Department (SLMPD) police officers Dawain Wallace (hereinafter, "Defendant"), Tiffany Burns, and Justin Ludwig.[2]  [ECF No. 1]  Plaintiff claimed that, in February 2016, he was watching a police officer perform traffic stops when Defendant stopped, frisked, and handcuffed him.  [Id.]  In Count I, Plaintiff alleged unlawful

---

[1] Defendant does not oppose Plaintiff's supplemental motion for attorney fees, in which Plaintiff requests $4,320, as compensation for the 9.6 hours expended defending his motion for attorney fees and bill of costs.  [ECF No. 133]  Because the Court finds that the hours Plaintiff's counsel spent responding to Defendant's memorandum in opposition to Plaintiff's motion for attorney fees and objections to the bill of costs were reasonable, as was counsel's hourly rate (as found in the subsequent discussion), the Court grants Plaintiff's supplemental motion.

[2] Plaintiff's original complaint named as defendants Officers Dawain Wallace, Tiffany Burns, and John Doe.  [ECF No. 1]  Plaintiff later amended the complaint, substituting Officer Justin Ludwig for the originally named "Officer John Doe."  [ECF No. 14]

detention and arrest against the defendant police officers in their individual capacities.  [Id.]  In Count II, which Plaintiff alleged against the City, he claimed "unlawful detention and arrest caused by unconstitutional municipal policy."  [Id.]

Plaintiff moved for partial summary judgment on his section 1983 claim for unreasonable detention against Defendant, and all three named defendants sought summary judgment on both counts.  [ECF Nos. 67 & 70]  The Court denied Plaintiff's motion for partial summary judgment. [ECF No. 105]  As to the defendants' motion for summary judgment, the Court:  (1) denied, on qualified immunity grounds, the motion with respect to Plaintiff's claim against Defendant in Count I; (2) granted the motion in favor of Officers Burns and Ludwig with respect to Count I; (3) granted the motion in favor of  the City with respect to Count II.   [Id.]

Defendant appealed the denial of qualified immunity, and the United States Court of Appeals for the Eighth Circuit affirmed.  Chestnut v. Wallace, 947 F.3d 1085 (8th Cir. 2020). Defendant subsequently made an offer of judgment in favor of Plaintiff pursuant to Fed. R. Civ. P. 68.  [ECF No. 119-1]  Plaintiff accepted the offer of judgment, which included the amount of $5,000 "plus any reasonable attorneys' fees and costs that have accrued to date, as determined by the Court."  [ECF Nos. 119-1, 119-2]

Plaintiff moves for attorney fees and costs pursuant to 42 U.S.C. § 1988.  [ECF Nos. 122 & 125]  More specifically, Plaintiff asserts that he is the prevailing party and requests $69,415 in attorney fees, representing 181.9 hours of attorney work,[3] and $3,851.97 in costs.  Defendant does not dispute that Plaintiff is the prevailing party but argues that Plaintiff's hourly rates are unreasonable and challenges the number of hours expended. [ECF No. 127]   Defendant also

---

[3] More specifically, Plaintiff seeks compensation for:  62.2 hours of work by attorney Edward Wells at a rate of $250 per hour; and 119.7 hours of work by attorney Robert Herman at a rate of $450 per hour.  [ECF No. 127-1]

objects to Plaintiff's bill of costs.  [ECF No. 123]

## II.     Standard for awarding fees under Section 1988

42 U.S.C. § 1988(b) provides that a district court, "in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs" in a section 1983 action.  A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Lefemine v. Wideman, 568 U.S. 1, 4 (2012) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).

A party seeking attorney fees "'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'"  El–Tabech v. Clarke, 616 F.3d 834, 842 (8th Cir. 2010) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).  The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"  Hensley, 461 U.S. at 434.

To determine the amount of reasonable attorney fees, courts employ the "lodestar" method and multiply the number of hours reasonably expended by a reasonable hourly rate.[4]  Id.

---

[4] When calculating the lodestar amount, courts consider the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n. 3.

at 433.  The lodestar "provides an objective basis on which to make an initial estimate of the value of a lawyer's services," but does not end the inquiry.  Id.  Various considerations may lead a district court to adjust the fee "upward or downward," but many of these calculations will have been "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." Id. at 434 & n.9.  A district court has "broad discretion" in determining the amount of an attorney fee award.  Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005); Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir.2000) (per curiam).

## III. Discussion

### A. Hourly rate

Plaintiff requests an hourly rate of $450 for attorney Robert Herman.  In support of this hourly rate, Mr. Herman submitted a verified statement, along with affidavits of attorneys Bryon Hale and Bevis Shock, stating that Mr. Herman's "experience and level of skill as a civil rights litigator entitle him to be compensated for his litigation work at the rate of $450/hour."  [ECF Nos. 127-1, 127-2, 127-3]  Defendant argues that $450 per hour is unreasonable.  [ECF No. 131]

A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  Little Rock Sch. Dist. v. Arkansas, 674 F.3d 990, 995 (8th Cir. 2012).  When determining reasonable hourly market rates, district courts may rely on their own experience and knowledge of prevailing rates in the community.  See Hanig, 415 F.3d at 825. Additionally, "the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates."  Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) (quotation omitted).  "A reasonable fee is 'one that is adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.'"  McDonald v. Armontrout, 860 F.2d 1456, 1458 (8th Cir.1988) (alterations in original) (quoting Blum v. Stenson, 465 U.S. 886, 897

(1984)).

In his verified statement, Mr. Herman stated that he graduated from St. Louis University School of Law in 1982 and joined the Missouri Bar the same year. [ECF No. 127 at ¶ 2] Mr. Herman averred: "The majority of my practice over 38 years has been the practice of trial law with an emphasis in the prosecution and defense of constitutional and civil rights claims." [ECF No. 127 at ¶ 3] He further stated that he "participated as lead litigator in more than 20 constitutional and civil rights cases filed" in federal court, and he taught law school and college classes on civil rights, constitutional, and first amendment law. [Id. at ¶¶ 4, 5] Mr. Herman attested that he "currently bills his paying litigation clients at the rate of $450 an hour" and such rate "is reasonable and in line with the prevailing rate normally charged by civil rights litigators in the St. Louis Metropolitan area of similar experience, reputation and expertise[.]" [Id. at ¶ 18]

In support of his position that $450 per hour is unreasonable, Defendant cites Banks v. Slay, 4:13-CV-2158 ERW, 2016 WL 5870059 (E.D. Mo. Oct. 7, 2016). In that case, the court reduced Mr. Herman's hourly rate from $450 to $355. Id. at *3. The court explained that the requested hourly rate was unreasonable because Banks "was not a typical civil rights case" but rather an action to enforce a default judgment and "many of the issues on appeal and summary judgment were not civil rights issues." Id. at *3.

Unlike Banks, the instant case was a "typical civil rights case." This court has found that $450 is a reasonable hourly rate for other similarly experienced civil rights litigators. See, e.g., Holmes v. Slay, No. 4:12-CV-2333 HEA, 2017 WL 994473, at * 3 (E.D. Mo. Mar. 15, 2017) (reducing attorney's hourly rate from $520 to $450); S.M. v. Lincoln Cnty., 4:12-CV-2276 PLC, 2016 WL 6441587, at *7 (E.D. Mo. Nov. 1, 2016) (approving hourly rate of $450); Fletcher v. Tomlinson, No. 4:14-CV-999 RLW, 2016 WL 6069497, at *6-9 (E.D. Mo. Oct. 14, 2016)

(same); <u>Holland v. City of Gerald, Mo.</u>, No. 4:08-CV-707 HEA, 2013 WL 1688300, at *4 (E.D. Mo. Apr. 18, 2013) (same).  Based upon a review of Plaintiff's verified statement and affidavits, as well as the Court's experience and knowledge of prevailing market rates, the Court finds that the hourly rate sought by Mr. Herman is reasonable.

      B.  Hours worked

Plaintiff seeks reimbursement for 119.7 hours of work by Mr. Herman and 62.2 hours of work by Mr. Wells.  [ECF No. 126]  Plaintiff asserts that the hours established by his attorneys' billing records and Mr. Herman's verified statement were reasonable and that he "removed all hourly entries which were solely concerned with <u>Monell</u> issues."[5]  Defendant counters that the number of attorney work hours for which Plaintiff seeks compensation is unreasonable because: (1) the "computation of hours expended in this litigation includes hours attributable to research and discovery related solely to Plaintiff's failed <u>Monell</u> claim against the City"; (2) Plaintiff achieved only a modest damages award; and (3) Plaintiff's Fourth Amendment claim against Defendant was "not legally or factually complex and the issues were not novel."  [ECF No. 131]

      1.  Hours spent on unsuccessful <u>Monell</u> claim

Defendant first argues that Plaintiff is not entitled to attorney fees for time expended on Plaintiff's municipal liability claim, which this Court dismissed on summary judgment.  More specifically, Defendant asserts that Plaintiff is not entitled to attorney fees for:  (1) research and discovery related to the municipal liability claim; (2) preparing for and conducting the depositions of the City's corporate representatives; and (3) responding to the defendants' motion

---

[5] Plaintiff submitted Mr. Herman's "Verified Statement for Attorney Fees," in which Mr. Herman declared:  "I have reviewed the time records and … removed the limited hours of research and drafting entirely devoted to the unsuccessful <u>Monell</u> claim."  [ECF No. 127 at ¶ 20] However, Plaintiff neither explained what work, in his view, related only to the <u>Monell</u> claims, nor provided a total number of hours that he excluded from the requested fee.

for summary judgment on Plaintiff's municipal liability claim.

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney fees under 42 U.S.C. § 1988." Hensley, 461 U.S. at 440. Accordingly, "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Id. Because a court should not award fees for services performed on unsuccessful claims, a court must determine whether and to what extent the claims for relief involved "a common core of facts" or were "based on related legal theories." Id. at 435. "The dispositive consideration, therefore, is whether the [unsuccessful] issues upon which plaintiff's counsel spent time are interrelated to the [successful] central issues of the case." Casey v. City of Cabool, Mo., 12 F.3d 799, 806 (8th Cir. 1993)).

Plaintiff argues that he is entitled to attorney fees for research and discovery relating to the City's policy and official policymaker because these issues directly related to his successful Fourth Amendment claim against Defendant.[6] More specifically, he argues that these issues were "inextricably intertwined with the defense of qualified immunity" and relevant to Plaintiff's claim against Defendant because "the police department first proffered its own policy as a defense" for Defendant's actions.[7] [ECF No. 132 at 3, 9]

The Court agrees with Plaintiff that some investigation into the SLMPD's policies related

---

[6] A review of Mr. Herman's billing records reveals numerous entries relating to Plaintiff's municipal liability claim. Examples include: "researching sovereign immunity," "[t]elephone conference … regarding discovery issues in upcoming corporate rep deposition," "[r]esearch regarding elements to establish unofficial policy of municipality," "[r]eview … policy disclosed by city in preparation for deposition," "research regarding policy making official of the [SLMPD]," and "[r]esearch and review issues of ratification." [ECF No. 127-1]

[7] In his first amended petition, Plaintiff alleged that he filed a complaint with the Internal Affairs Division of the St. Louis Metropolitan Police Department ("IAD"). [ECF No. 14 at ¶¶ 36, 37] According to Plaintiff, the IAD commander contacted Plaintiff at the close of the investigation and informed him that "pursuant to St. Louis Police policy, people who merely stop to watch police action are engaging in suspicious behavior that subjects them to stop, frisk, and arrest." [Id. at ¶ 40]

to the central issue of the case – namely, whether Defendant violated Plaintiff's constitutional rights when he stopped, frisked, and handcuffed Plaintiff because Plaintiff was watching police-citizen interactions.  See, e.g., James v. Rasmussen, No. C15-0062, 2016 WL 7422666, at *2 (N.D. Iowa Dec. 22, 2016) (where plaintiff conceded that hours spent exclusively litigating Monell claim should be excluded from fee award but, in considering reasonableness of hours worked, the court recognized "additional investigation was required regarding…policies of the Cedar Rapids Police Department….").  The identity of the policy maker, however, relates solely to municipal liability.  See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) ("Municipal liability under § 1983 attaches where … a deliberate choice to follow a course of action is made from among various alternatives by city policy makers.").  Likewise, Mr. Wells' research on sovereign immunity and Mr. Herman's research on ratification related solely to Plaintiff's claims against the City.  The Court will therefore reduce Mr. Wells' requested 62.2 hours by 1.2 hours and Mr. Herman's requested 119.7 hours by 10 hours for work solely on claims against the City.[8]

Defendant also challenges Plaintiff's request for compensation for attorney time expended preparing for and conducting depositions of the City's designated corporate representatives, Lt. Lauer, Lt. Brown, and Sgt. Re.[9]  Lt. Lauer testified as both a corporate representative (about SLMPD policies) and a witness (because he investigated Plaintiff's IAD

---

[8] The United States Supreme Court stated:
> [T]rial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 563 U.S. 826, 838 (2011). The amounts deducted are rough calculations based on Plaintiff's counsel's billing records and the Court's "overall sense of the suit."

[9] Mr. Herman recorded 2.5 hours of work on Sgt. Re's deposition and a combined 5.3 hours on the depositions of Lts. Lauer, Brown, and Koeln.  [ECF No. 127-1]

claim against Defendant).  The Court finds that attorney work hours relating to Lt. Lauer's deposition are compensable.  On the other hand, Lt. Brown testified about IAD complaints filed by people other than Plaintiff, and Sgt. Re discussed the SLMPD's policies, procedures, practices, and training.  Therefore, the Court will reduce Mr. Herman's requested total of 8.0 hours for work on these deposition by 4.2 hours, reflecting attorney time expended on the depositions of Sgt. Re and Lt. Brown.

Finally, Defendant maintains that Plaintiff "is not entitled to recover full compensation of his attorneys' time spent responding to the Defendants' summary judgment motion because Plaintiff has only prevailed on his claim against [Defendant], whereas, the [brief] he drafted responded to the summary judgment arguments made by all four defendants, including the City." Defendant's point is well-taken, however, it is impossible for the Court to determine, based on counsel's billing records, how many hours counsel devoted to responding to the summary judgment arguments of Officer Ludwig, Officer Burns, and the City.[10]  The Court will therefore reduce Mr. Herman's requested 40.4 hours for work relating to the summary judgment motion by 8 hours.

2.   Amount of Award

Next, Defendant urges the Court to reduce Plaintiff's attorney fees because Plaintiff achieved only $5,000 in damages.  In reply, Plaintiff asserts that "attorney fees need not be proportional to the amount of judgment."  [ECF No. 132 at 10]

---

[10] The billing records reflect that Mr. Herman expended a total of 40.4 hours on Plaintiff's: motion for partial summary judgment; statement of material undisputed facts; reply in support of Plaintiff's motion for partial summary judgment; response in opposition to the defendants' motion for summary judgment; and supplemental statement of material undisputed facts.  [ECF No. 127-1]

The Supreme Court of the United States held that the amount of damages a plaintiff recovers is "relevant to the amount of attorney fees to be awarded under § 1988," but rejected the proposition that fees should be proportionate to the amount of damages a plaintiff actually recovers.  City of Riverside v. Rivera, 477 U.S. 561, 574 (1986).  This is because "a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms."  Id.; see also Lash v. Hollis, 525 F.3d 636, 642-43 (8th Cir. 2008) ("[A] plaintiff's success in a civil rights case can be measured only in part by monetary success…. Lawsuits like the present case provide a forum for exposing official misconduct.").

Plaintiff prevailed in this case, which is "no small feat for a civil rights plaintiff."  Ladd v. Pickering, 783 F.Supp.2d 1079 (E.D. Mo. 2011).  See also King v. Turner, No. 05-388 (JRT/FLN), 2007 WL 1219308, at *1 (D. Minn. Apr. 24, 2007) ("[P]olice misconduct cases are very difficult for plaintiffs to win and require significant trial skill and expertise of lawyers.").  While a $5,000 award is not, at first glance, a substantial amount, it is significant under the circumstances here.  More importantly, Plaintiff's lawsuit vindicated a constitutional right that the Eighth Circuit has recognized "is important to society as a whole," namely "the people's ability to monitor police activities to ensure that their duties are carried out responsibly."  Chestnut, 947 F.3d at 1092.   Therefore, the Court will not reduce Plaintiff's attorney fees based on the amount of his monetary damages.

### 3.  Complexity of case

Finally, Defendant urges the Court to find that the number of attorney work hours claimed is excessive "because the Fourth Amendment claim directed at [Defendant] was not legally or factually complex and the issues were not novel."  [ECF No. 131]  Plaintiff does not directly counter this argument in his reply brief, but rather points to the hours Defendant's

counsel spent on this case, arguing:  "[I]f the outcome of this case were so clear and uncomplicated, why did Defendants spend twice the amount of time litigating as did plaintiff."[11] [ECF No. 132 at 5]

The Court agrees with Defendant that the facts of this case were straightforward and the legal issues were uncomplicated.  However, the Court finds that 158.5 hours, the total number of attorney hours worked as reduced herein, was reasonable.  Plaintiff defended a motion to dismiss, conducted discovery, prosecuted a motion for partial summary judgment and defended a motion for summary judgment, responded to an interlocutory appeal (and achieved a favorable ruling), and ultimately settled this case.  Moreover, Defendant does not allege overlawyering or duplicative work.  The Court, therefore, declines to reduce Plaintiff's attorney fees.

4.  Lodestar

Based on the above, the Court reduces Mr. Herman's time by a total of 22.2 hours and Mr. Wells' time by 1.2 hours.  The lodestar calculation is as follows:

Mr. Herman   97.5 hours x $450 = $43,875.00

Mr. Wells       61 hours x $250 = $15,250.00

TOTAL**:**  $59,125.00

C.  Costs

Plaintiff filed a bill of costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 seeking $3,851.97.  [ECF No. 122]  Along with the bill of costs, Plaintiff submitted invoices of costs incurred by Plaintiff and counsel.  Defendant objects to Plaintiff's bill of costs, as it seeks reimbursement for court reporter attendance and transcription costs "for deposition testimony related exclusively to his municipal liability claim against the City."  [ECF No. 123 at 2-3]  In

---

[11] In support, Plaintiff provides a document setting forth the "approximate hours expended" by defense counsel on this case, which totaled approximately 370 hours.  [ECF No. 132-2].

particular, Defendant objects to Plaintiff's request for the cost of the depositions of Sgt. Re ($354.25) and Lts. Brown and Lauer ($192.50 each),[12] who "were designated by the City to testify on its behalf as corporate representatives[.]"  [Id. at 3]

Pursuant to 54(d)(1) of the Federal Rules of Civil Procedure, the prevailing party "should be allowed" to recover costs, other than attorney's fees.  "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs[.]"  168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007).  The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  Under section 1920, the Court may tax costs for (1) fees of the clerk and marshal, (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for copies of necessary papers, (5) docket fees, and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920(1)-(6).[13]

---

[12] The relevant invoice states the combined cost for the depositions of Lts. Brown, Lauer, and Koeln was $577.50.  [ECF No. 122-7]  Therefore, the Court considers each of these three depositions to cost $192.50.

[13] "Before a district court is permitted to award costs to a prevailing party, the prevailing party *must* submit an affidavit meeting non-discretionary statutory requirements[.]"  Reece v. Bank of New York Mellon, 760 F.3d 771, 779 (8th Cir. 2014) (emphasis in original) (citing 28 U.S.C. § 1924).  Section 1924 requires that "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  Plaintiff provided no such affidavit, but he filed his bill of costs on the Court's AO-133 form, which contains a "Declaration" that closely tracks the language of section 1924.  Plaintiff also filed, along with his motion for attorney fees, Mr. Herman's "Verified Statement for Attorney's Fees," in which Mr. Herman stated that the "costs incurred in this litigation are $3,851.97 and are detailed in the Bill of Costs[.]"  [ECF No. 127 at ¶ 24]  Upon consideration, the Court is satisfied that Plaintiff met the requirements of section 1924.  See, e.g., Jacobson Warehouse Company, Inc. v. Schnuck Markets, Inc., No. 4:17-CV-764 JAR, 2020 WL 853736, at *2 n. 2 (E.D. Mo. Feb. 20, 2020) (accepting a bill of costs on the Court's AO-133 form as "the statutorily required verification").

A court "has substantial discretion in awarding costs to a prevailing party under" Rule 54(d) and section 1920.  Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (quoting Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir. 1992)).  In determining whether to award the cost of court reporter fees and transcripts, a court considers whether the transcript was "necessarily obtained for use in the case."  Rohrbough v. Hall, 4:07-CV-996 ERW, 2010 WL 4940954, at *2 (E.D. Mo. Nov. 30, 2010) (quoting 28 U.S.C. § 1920(2)).  See also Zotos, 121 F.3d at 363 ("even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative") (internal quotation omitted).

As previously discussed in regard to attorney fees, Sgt. Re's and Lt. Brown's deposition testimony related solely to Plaintiff's unsuccessful municipal liability claim against the City. The Court finds that those depositions were not necessary to the prosecution of Plaintiff's unlawful detention claim against Defendant and will therefore deduct $354.25 for Sgt. Re's deposition and $192.50 for Lt. Brown's deposition.  Because Lt. Lauer's testimony related to Plaintiff's successful claim against Defendant, as well as his unsuccessful claim against the City, the Court will tax the $192.50 cost of Lt. Lauer's deposition to Defendant.   Plaintiff is entitled to recover costs in the amount of $3,305.22 (total requested in Plaintiff's bill of costs less deduction total of $546.75).

## IV.     Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees [ECF No. 133] is **GRANTED** in part and **DENIED** in part.

13

**IT IS FURTHER ORDERED** that Plaintiff's Bill of Costs [ECF No. 122] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion for Attorney Fees [ECF No. 133] is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff is awarded $66,750.22, representing $63,445.00 in attorney fees and $3,305.22 in costs.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2020

14